**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4015**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRYAN ANDRE KEEN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (CR-05-3)

Submitted: August 21, 2006      Decided: September 14, 2006

Before NIEMEYER and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry Gott, Danville, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Patrick Weede, Third Year Practice Law Student, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following the denial of his motion to suppress a firearm as evidence, Bryan Andre Keen was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Keen now appeals, arguing that the district court erred in denying his motion to suppress evidence of a firearm that was seized from his person during a search incident to his arrest. Keen asserts that he was initially seized without reasonable suspicion of wrongdoing on his part. Finding no error, we affirm.

This court reviews the district court's factual findings underlying a motion to suppress ruling for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Bush, 404 F.3d 263, 275 (4th Cir. 2005). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

With these standards in mind, and having reviewed the record and the parties' briefs, we conclude that the officers who seized Keen did so based on a reasonable articulable suspicion that Keen was engaged in criminal activity. "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow,

528 U.S. 119, 123 (2000); see Terry v. Ohio, 392 U.S. 1, 30 (1968). In this case the officers reasonably suspected that Keen was the fugitive for whom they were searching, and their suspicion was corroborated by Keen's furtive behavior. Thus, the totality of the circumstances establish reasonable suspicion supporting the officers' decision to approach Keen's vehicle, and the officers conducted a lawful Terry stop. See United States v. Sokolow, 490 U.S. 1, 8 (1999); see also United States v. Mayo, 361 F.3d 802, 807-08 (4th Cir. 2004).

The plain view presence of marijuana inside Keen's vehicle created probable cause for the officers to arrest Keen and search him incident to arrest. Searches incident to arrest are a well established exception to the warrant requirement. See United States v. Thornton, 325 F.3d 189, 192 (4th Cir. 2003). Once Keen was removed from the vehicle, he was properly searched and the officers discovered the firearm.

Additionally, because the district court sentenced Keen under an advisory guideline scheme, no Sixth Amendment error occurred. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (in post-Booker sentencing, district court should make all factual findings appropriate to determination of advisory guideline range). Therefore, Keen's pro se Motion to Remand for Re-sentencing is denied.

Accordingly, we affirm Keen's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED